IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA MICHELE SHOOTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CA 19-0589-JB-MU |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff's motion for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 28; *see also* Doc. 28-1.) This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2) for a report and recommendation. Defendant opposes Plaintiff's motion. (Doc. 29). Upon consideration of all pertinent materials contained in this file, it is determined that Plaintiff's motion for attorney's fee should be denied, but that Plaintiff should be allowed to recover costs after she files a detailed itemization of all expensed incurred by her in prosecuting this action. *See Celeste v. Sullivan*, 988 F.2d 1069, 1070 (11th Cir. 1992).

## FINDINGS OF FACT

On March 24, 2021, the Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Docs. 25, 26, 27). Plaintiff, proceeding *pro se*, filed a motion for an award of attorney's fees and expenses under the EAJA on April 13, 2021, twenty (20) days after entry of judgment. (Doc. 28). In the motion,

Plaintiff requests attorney's fees in the amount of $2,375 to compensate herself for the time she spent representing herself before this Court, $25 as reimbursement for mailing of briefs, answer, and rebuttal, and $2,000 for "research." (Doc. 28 at p. 1). Defendant has filed a response in opposition to Plaintiff's request for fees.

**CONCLUSIONS OF LAW**

The Equal Access to Justice Act requires a district court to "award to a prevailing party … fees and other expenses … incurred by that party in any civil action …, including proceedings for judicial review of agency action, brought by or against the United States …, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Having won a sentence-four remand, Plaintiff is a prevailing party under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Court also finds that the position of the United States in this case was not substantially justified, as the government has not filed a response arguing otherwise, and that Plaintiff's motion was timely filed.

Plaintiff prosecuted this action *pro se*. A *pro se* Plaintiff is not entitled to an award of attorney's fees under the EAJA. The EAJA serves a dual purpose: "to ensure adequate representation for those who need it and to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988). A plaintiff is entitled to receive compensation under the EAJA only for the number of hours reasonably expended by *her attorney* on the case. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The purpose of fee shifting statutes is to provide an incentive to employ counsel, thereby creating an attorney-client relationship.

*Kay v. Ehrler*, 499 U.S. 432 (1991) (held that a pro se attorney litigant was not entitled to fees under the Civil Rights Attorney's Fees Award Act). In *Celeste*, 988 F.2d at 1070, the Eleventh Circuit found that the Supreme Court's decision in *Kay* applied to EAJA fees. The Court held that the principles announced in *Kay* apply with equal force to preclude attorney's fees to *pro se* litigants under the EAJA because there are no fundamental differences between the purposes of the EAJA and the Civil Rights Attorney's Fees Award Act. Accordingly, Plaintiff is not entitled to attorney fees under the EAJA.

The Court does find, however, that Plaintiff would be entitled to recover the expenses incurred to prosecute this action. In order for the Court to determine the exact nature and amount of expenses incurred, as well as the reasonableness thereof, to make such an award, Plaintiff must submit an itemized list of each expense, the date incurred, an explanation of the nature of each expense, and the exact amount of each expense. Plaintiff should also attach all documents that support these expenditures to her itemized list. Plaintiff is **ORDERED** to file her itemized and supported list of expenditures on or before **May 7, 2021**.

## CONCLUSION

For the reason stated herein, the undersigned **RECOMMENDS** that Plaintiff's request for an award of "attorney's" fees be **DENIED** and that her request for an award of expenses be **GRANTED**, with the amount of the award to be determined after she submits the required itemized statement.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

   **DONE** this **22ⁿᵈ** day of **April, 2021**.

            <u>/s/ P. Bradley Murray</u>
            **UNITED STATES MAGISTRATE JUDGE**