IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA MICHELE SHOOTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CA 19-0589-JB-MU |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff's Itemization and application for fees and expenses under the Equal Access to Justice Act ("Itemization" (Docs. 28 and 28-1)), the Report and Recommendation regarding Plaintiff's Itemization (Doc. 30), Plaintiff's Summarization of Expenses filed pursuant thereto (Doc. 31), and Plaintiff's Response (Doc. 35).

**I. Background:**

On March 24, 2021, the Court entered judgment for Plaintiff, reversing and remanding the underlying decision of the Commissioner of Social Security. (Docs. 26 and 27). On April 13, 2021, Plaintiff filed her Itemization seeking an award of attorneys' fees and expenses under the Equal Access to Justice Act. The Magistrate Judge entered a Report and Recommendation that Plaintiff's request for attorney's fees be denied but that her request for expenses be granted. (Doc. 30). The Report and Recommendation stated the amount of the expense award should be determined after Plaintiff submitted an itemized statement. (*Id.*).

Plaintiff filed an itemized statement on April 29, 2021, claiming amounts for postage, copies, printer cartridges, internet, telephone, and "gas mileage." (Doc. 31). Defendant filed an opposition to Plaintiff's itemized statement. (Doc. 33). On May

19, 2021, the Court entered an Order approving Plaintiff's claims for postage and copy expenses and finding Plaintiff may recover mileage reimbursement upon filing a proper mileage statement. (Doc. 34). The Court found, however, Plaintiff's claims for attorney's fees and other expenses are not recoverable. Plaintiff then filed a "Response" to Defendant's opposition to Plaintiff's itemized statement. (Doc. 35). In her Response, Plaintiff represents she lives twenty miles from the Court and that she made two (2) round trips to the Courthouse since her case was initiated; on August 28 and September 11, 2019. (*Id.*). Plaintiff also made arguments relating to attorney's fees and expenses previously disallowed. (*Id.*).

**II. Analysis:**

The Court finds Plaintiff's statement of twenty miles distance to the Courthouse (Doc. 35) to be accurate, given Plaintiff's address noted on the docket. Plaintiff's statement of a trip to the Courthouse on August 28, 2019 is likewise consistent with the docket, as that is the date she appears to have filed her initial pleadings in person at the Clerk's office. (Docs. 1 and 2). However, the only docket entry on September 11, 2019 is a pleading which Plaintiff appears to have mailed to the Clerk. No hearings or other activities were docketed for September 11, 2019, and Plaintiff has offered no explanation or reason for her to have traveled to the Courthouse that day.

Upon due consideration of all relevant filings in this matter, and based on the foregoing, the Court ORDERS as follows:

1. The Report and Recommendation dated April 22, 2021 (Doc. 30) is adopted.
2. Plaintiff is awarded $13.00 for postage and $38.00 for copy expenses, as claimed in Plaintiff's Summarization of Expenses (Doc. 31).
3. Plaintiff is awarded $22.40 for mileage reimbursement (forty-mile round trip on August 28, 2019 at 56 cents per mile).

4. Plaintiff's claims for attorney's fees and all categories of expenses other than those awarded above are denied.

To the extent Plaintiff intends her Response (Doc. 35) as objections to or a motion to reconsider previous rulings on the allowability of attorney's fees or expenses, such objections and motion overruled.

**DONE and ORDERED** this 26th day of May, 2021.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE